UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>MARTIN LUCAS, LISA BUTTERWORTH, JIM SYKES, and the UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendants. | NO. 06-CIV-0142-WFN<br><br>MEMORANDUM ORDER AND OPINION |

Pending before the Court is the Government's Motion to Dismiss (Ct. Rec. 6), Plaintiff's Motion for Default Judgment (Ct. Rec. 11), and Plaintiff's Objection to U.S. District Attorney's Representation of Individual Defendants (Ct. Rec. 12). Plaintiff is proceeding pro se. Defendants are represented by Assistant United States Attorney Nicholas Woychick.

## I. BACKGROUND

Mr. Bettwieser had been employed by the United States Postal Service [USPS]. After his employment was terminated, he requested certain records from his former employer. The USPS provided some, but not all, of the requested information. On April 10, 2006, Plaintiff filed a complaint alleging that the USPS and three individually named employees violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Plaintiff alleges that the USPS did not sufficiently comply with Freedom of Information Act and the Privacy Act because he did not receive all of the records he requested and those he did receive had been intentionally and unlawfully altered. Assistant United States Attorney

MEMORANDUM ORDER
AND OPINION - 1

Nicholas Woychick filed a response on behalf of the USPS and the individually named defendants.

The Idaho Clerk of the Court's office erroneously entered an Order of Conditional Filing causing some confusion as to the status of the case. Several motions were filed, but not all were answered. In an effort to clarify the status of the case, Judge Winmill issued an order setting deadlines for responses to all pending motions. Judge Winmill then transferred the case to this Court. In response to this Order, Plaintiff filed a response which alleged the Court's consideration of the Motion to Dismiss was premature, presumably due to concerns with sufficiency of service. (Ct. Rec. 19). The Court issued an Order extending the deadline for Plaintiff to respond to the substance of the Motion to Dismiss that was met with some confusion. The Court held a scheduling hearing on July 3, 2007 in order to set the deadlines in the case and to clarify the status of the pending Motions.

In Plaintiff's Motion for Default Judgment and Objection to Representation, he contends that AUSA Woychick's representation of individual defendant's is improper and therefore those defendants failed to timely respond. He requests that AUSA Woychick's representation be limited to the USPS. He argues that because AUSA Woychick's representation should be limited to the USPS, the individual defendants cannot benefit from his answer, necessitating a judgment in favor of Plaintiff for those defendants.

In the Motion to Dismiss Defendants contend Plaintiff failed to exhaust his administrative remedies. In support, Defendants submitted documentation showing Mr. Bettwieser's initial request, the agencies response, further communication regarding his request, and evidence of the USPS regulations regarding the appeals process. In his response, Plaintiff argues that the Defendants failed to answer his amended FOIA request. Plaintiff also alleges further violations of FOIA and the Privacy Act. However, these allegations were not made in the complaint so will not be considered unless relevant to a pending claim.

MEMORANDUM ORDER
AND OPINION - 2

## II. ANALYSIS

### A. U.S. District Attorney's Representation of Individual Defendants is proper.

Plaintiff argues that his complaint alleges that the individually named defendants were somehow involved in criminal activities. Based on this assertion, he claims the US District Attorney's duty to prosecute crimes conflicts with his representation of the individual defendants. However, the US District Attorney's duties also require the AUSA to "defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. §547(2). Where it is asserted that the individually named defendants were acting in accordance with their duties as employees of the Government, representation by the US District Attorney is appropriate.

In further support of suitability of AUSA Woychick defending the individually named defendants, the Court notes that individual defendants cannot be held liable for alleged civil violations of the Privacy Act. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir. 1987). Plaintiff argues suit is appropriate based on *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, as the Plaintiff acknowledges, *Bivens* only allow suit where the federal employee engages in unconstitutional conduct. *Id.* Plaintiff does not contend that these alleged violations of FOIA and the Privacy Act damaged his constitutional rights. Since suit against the individual employees is inappropriate, they should benefit from representation from the agency. The Department of Justice is charged with defending suits on behalf of agencies, so the AUSA properly defended the individually named defendants from this suit.

### B. Default judgment is not appropriate.

Plaintiff moved for a default judgment against all defendants except for the USPS. Presumably this is based on the premise that AUSA Woychick's representation of the individual defendant's was not appropriate, thus the answer filed by him is not sufficient. Rule 55 only permits a default judgment where "a party against whom a judgment for

MEMORANDUM ORDER
AND OPINION - 3

affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules." Fed. R. Civ. P. Rule 55. Even if the representation was inappropriate, the parties made a good faith attempt to answer the pleadings. Further, since representation is in fact appropriate, the answer filed (Ct. Rec. 5) makes default judgment inappropriate.

### C. Plaintiff's failure to exhaust administrative remedies necessitates dismissal of the case.

FOIA and the Privacy Act both provide avenues for individuals to gain access to agency records. The Privacy Act requires agencies to furnish certain records upon request of an employee. 5 U.S.C. §552a(d)(1). If an agency fails to comply with the act, the employee can sue for attorney's fees, costs of litigation, and equitable relief. 5 U.S.C. §552a (g)(1)(B) & (g)(3). FOIA requires agencies to provide the public with copies of specifically requested agency records subject to several exceptions. 5 U.S.C. § 552.

Defendants move to dismiss the amended complaint on the basis that Plaintiff failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Since the Court considered matters outside the pleadings, the motion will be treated as a summary judgment motion. Fed. R. Civ. P. 12(b). The Court "must determine, viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Defendants argue that the Plaintiff failed to exhaust administrative remedies. Further, to the extent that Plaintiff alleges injury based on the actions of the individually named defendants, Defendants argue that individual employees cannot be held civilly liable for violations of the Privacy Act. Both of these arguments have merit.

Both FOIA and the Privacy Act require Plaintiff to exhaust administrative remedies prior to bringing a civil suit. "Where relief is available from an administrative agency, the

MEMORANDUM ORDER
AND OPINION - 4

plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258, 269 (1993). "Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986). Though the Ninth Circuit has not issued an opinion regarding exhaustion in Privacy Act cases, the circuits who have had an opportunity to address the issue agree that a plaintiff must exhaust their administrative remedies prior to filing suit. See *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir.1990).

In support of their Motion to Dismiss, Defendants submitted evidence of the USPS's process for exhausting administrative relief and evidence that Mr. Bettwieser received this information. According to USPS regulations, to exhaust administrative relief, an appeal must be sent to the General Counsel in Washington, DC. 39 C.F.R. § 266.7(4). Though Plaintiff alleges in his complaint that he exhausted administrative remedies, the specific factual allegations he proffers do not support his allegation. He alleges he submitted an appeal to Jim Sykes, the manager of Labor Relations of the Spokane District of the USPS. While this appears undisputed, he did not comply with the Postal regulations regarding where the appeal should be sent. Mr. Bettwieser does not allege he attempted to participate in the appeal process described in the regulations. Further, General Counsel found no record of such an appeal lodged in the manner prescribed by the regulations.

In his declaration, Mr. Bettwieser implies that following the proscribed procedure would have been futile because he had appealed previous FOIA request decisions in the manner required by the regulations, but that the USPS never responded to his appeals. A plaintiff need not "exhaust administrative remedies that would be futile" to exhaust. *Singh v. Ashcroft*, 362 F.3d 1164, 1169 (9th Cir 2004). However, Mr. Bettwieser did not provide documentation supporting his assertions. Without further evidence, Plaintiff's bare assertions of futility are not enough to forego exhaustion.

MEMORANDUM ORDER
AND OPINION - 5

Mr. Bettwieser also alleges he submitted an amended request that apparently went unanswered. An unanswered FOIA request would provide an exception to the exhaustion requirement. 5 U.S.C. § 552(a)(6)(C)(i). However, the Privacy Act contains no equivalent provision. *Pollack v. Dep't of Justice*, 49 F.3d 115, 116 n. 1 (4th Cir. 1995). The Defendants included a copy of a letter Plaintiff submitted an as an amended request for information to individually named defendant, Lisa Butterworth, an employee of USPS dated February 17, 2006. Attached to her affidavit, Ms. Butterworth includes a letter she sent to the Plaintiff responding to his amended request. In response to Ms. Butterworth's letter, Plaintiff wrote to Jim Sykes on March 2, 2006, addressing several concerns he has regarding the information he received. In the complaint the Plaintiff characterizes this letter as an appeal, but in his response to the Defendants' Motion he characterizes it as an amended FOIA request. If it is a FOIA request, the USPS was required to respond. It is not clear from the evidence submitted whether the USPS responded to this letter.

Plaintiff argues that the USPS's failure to respond to the letter sent to Mr. Sykes amounts to a violation of FOIA. This is only true if the letter sent to Mr. Sykes constitutes a separate FOIA request. The USPS regulations do not mandate any particular form for requests for information:

> To permit expeditious handling and timely response in accordance with the provisions of this part, a request to inspect or to obtain a copy of an identifiable Postal Service record shall be in writing and bear the caption "Freedom of Information Act Request" or otherwise be clearly and prominently identified as a request for records pursuant to the Freedom of Information Act. A request shall be clearly and prominently identified as such on the envelope or other cover. Other requests for information will be considered informal requests and will be handled as expeditiously as practicable but not necessarily within the time limitations set forth in § 265.7(b). An informal request

MEMORANDUM ORDER
AND OPINION - 6

will be granted or denied according to the substantive rules in § 265.6, if found to be a request for a record. 39 C.F.R. § 265.7(a).

Since the subject line clarified that his request related to a FOIA request, presumably it would at least be considered an informal request. He asks for a "modified response" to his initial request. His demands were: "1. To inspect and copy all documents requested on Jan 7, 2006 and or (*sic)* which were supplied on February 8, 2006; 2. To inspect and copy a leave slip requested in that letter and request, of February 17, 2006; 3. A meeting with mutually agreeable time to identify and clarify items." Declaration of Martin Bettwieser, Exhibit B, Ct. Rec. 29. The first request clearly repeats the initial FOIA request, and thus is not a separate request requiring an answer. Regarding the second item, it is not clear that Mr. Bettwieser requested the denied leave slip in the initial FOIA request. However, he clearly requested it in the letter submitted to Ms. Butterworth on February 17, 2006. She addressed this request in her response to him. Since he received a response, this item does not qualify for the FOIA exception to exhaustion. The last item, a request for a meeting, is not statutorily mandated, and thus failure to respond to this request does not violate FOIA or the Privacy Act. Thus, even if the letter to Jim Sykes went unanswered, the letter does not meet the FOIA exception to exhaustion. Further, since the specific requests he made appear to fall under the Privacy Act, failure of the USPS to respond does not satisfy the exhaustion requirement.

Since the USPS responded to the Plaintiff's FOIA request, Plaintiff did not pursue an appeal according to the USPS regulations, and an appeal would not have been futile, Plaintiff failed to exhaust. All of Plaintiff claims arise from the Plaintiff's unexhausted FOIA/ Privacy Act requests. Thus, Plaintiff's complaint is not timely.

Based on the foregoing, the Court finds that AUSA Woychick's representation of the individual defendants is proper, default judgment is inappropriate, and the Plaintiff failed to state a claim for which relief can be granted. Accordingly,

MEMORANDUM ORDER
AND OPINION - 7

1 **IT IS ORDERED** that:

2    1. Plaintiff's Objection to U.S. District Attorney's Representation of Individual Defendants, filed 2006, **Ct. Rec. 12,** is **OVERRULED**.

   2. Plaintiffs' Motion for Default Judgment, filed , 2006, **Ct. Rec. 11,** is **DENIED.**

   3. Defendants' Motion to Dismiss, filed 2006, **Ct. Rec. 6, is GRANTED.**

   4. The Complaint is **DISMISSED** with prejudice.

The Clerk of Court is directed to file this Order, provide copies to counsel and pro se Plaintiff, and thereafter shall **CLOSE** this file.

**DATED** this 27th day of July, 2007.

                                            s/ Wm. Fremming Nielsen
07-26                           WM. FREMMING NIELSEN
                         SENIOR UNITED STATED DISTRICT JUDGE

MEMORANDUM ORDER
AND OPINION - 8