UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN BETTWIESER,<br><br>                    Plaintiff,<br><br>   -vs-<br><br>MARTIN LUCAS, LISA BUTTERWORTH, JIM SYKES, and the UNITED STATES POSTAL SERVICE,<br><br>                    Defendants. | NO. 06-CIV-0142-WFN<br><br>MEMORANDUM ORDER<br>AND OPINION |

      Pending before the Court is Plaintiff's Motion for Reconsideration and for Clarification and for Supplemental Rulings (Ct. Rec. 32). Plaintiff is proceeding pro se. Defendants are represented by Assistant United States Attorney Nicholas Woychick. The Court granted the Defendants' Motion to Dismiss and dismissed the case with prejudice on July 27, 2007 (Ct. Rec. 27). Plaintiff requests that the Court reconsider its decision and make several clarifications/corrections.

      Rule 59(e) governs motions for reconsideration. Rule 59(e) amendments are appropriate only if the Court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). In his list of concerns regarding the Court's July 27, 2007 Order, Plaintiff does not present newly discovered evidence nor does he allege that there has been an intervening change in controlling law. Further, as seen below, Plaintiff fails to show that the Court committed clear error or that the initial decision was manifestly unjust.

MEMORANDUM ORDER
AND OPINION - 1

In the first section, "Clarifications for the Court," Plaintiff challenges several factual determinations and characterizations made by the Court. First, the Plaintiff notes that the Court erroneously stated that the Plaintiff had been terminated. Both the Plaintiff's Complaint and Defendants' Answer clearly indicate that the Plaintiff remains employed by the United States Postal Service. However, this fact did not affect the Court's final decision. Regarding paragraphs 2-4 and 6, even if Plaintiff's characterizations are true, these characterizations did not affect the Court's final determination.[1] The Court notes that the though the Plaintiff alleges that he "indirectly asserted" violations of his constitutional rights in paragraph 7; upon review, no such allegations exist in the complaint. In summary, Plaintiff's concerns regarding clarification do not allege clear error.

Plaintiff's second section does not allege clear error or manifest injustice and therefore does not provide grounds for reconsideration of the judgment.

Plaintiff's third section discusses several issues where the Plaintiff alleges errors in law and fact. First, Plaintiff argues that use of the term "may" means that the regulation does not require that appeals be sent to the General Counsel. The plain language of the section belies Plaintiff's argument. The regulation states, "If a request to inspect or to copy a record, or a request for expedited processing of the request, is denied, in whole or in part, if no determination is made within the period prescribed by this section, or if a request for waiver of fees is not granted, the requester may appeal to the General Counsel." 39 C.F.R. § 265.7(e). The Plaintiff takes the term "may" out of context. The regulation does not require a person to appeal, they may appeal if they like, but if they do they must send the appeal to the General Counsel. The plain language of the regulation supports the Court's determination, thus the Court did not commit clear error.

---

[1] Please see below regarding paragraph 5.

MEMORANDUM ORDER
AND OPINION - 2

In the second ground, the Plaintiff misunderstands the Court's reference to futility. The Court did not request additional information. Instead, the Court pointed out that information had not been provided to support Plaintiff's contentions.

Plaintiff alleges that the Court erred in its determination that the Plaintiff failed to exhaust his request for the denied leave slip. As the Court stated in its initial order, his request had been answered and Plaintiff failed to appeal.[2] The Court did not commit clear error in finding that Plaintiff failed to exhaust his request for his leave slip.

Regarding Plaintiff's fifth contention, though the Plaintiff argues that the complaint raises issues other than the Freedom of Information Act and the Privacy Act, upon careful scrutiny, the Court can find no other viable claims raised by the complaint.

Lastly, the Plaintiff complains that he had not received notice that the Motion to Dismiss would be treated as a summary judgment motion. The Clerk's Office filed a Notice to Pro Se Litigants which explained this procedure. Ct. Rec. 13. When Plaintiff admitted

---

[2] In his initial request, Plaintiff asked the United States Postal Service to, "Produce all documents, recordings, witnesses for inspection and or copying that can corroborate your allegation that management was not informed that Martin Bettwieser would not be at work as scheduled on December 7, 2005." See Declaration of Martin Bettwieser, Exhibit A. Mr. Sykes responded to his request indicating that no such record existed, "your request imposes an obligation to provide documents to prove something that did not take place." Declaration of Lisa Butterworth, Exhibit B. At the end of the letter, Mr. Sykes informed Mr. Bettwieser of the appeals process. *Id.* Mr. Bettwieser made his request more specific in his letter to Ms. Butterworth sent February, 17, 2006. Declaration of Lisa Butterworth, Exhibit C. She replied on February 28, 2006, stating that there was no such record. Declaration of Lisa Butterworth, Exhibit C. Both Mr. Sykes and Ms. Butterworth responded to Plaintiff's request for the denied leave slip, albeit using different language.

MEMORANDUM ORDER
AND OPINION - 3

1 confusion , the Court held a hearing to clarify the status of the case and the pending motions.
2 Following that hearing the Court issued an order which explained the requirements of a
3 summary judgment motion. Ct. Rec. 27, Order, July 3, 2007. Given the ample notice Plaintiff
4 received, no manifest injustice occurred.

5 None of the concerns raised by the Plaintiff's Motion for Reconsideration and
6 Clarification and for Supplemental Rulings justify amendment under Rule 59(e). Plaintiff did
7 not present newly discovered evidence or allege an intervening change in controlling law.
8 In each of the issues discussed above Plaintiff failed to show that the Court committed clear
9 error or manifest injustice. The Court recognizes that it did not address each of Plaintiff's
10 concerns raised in the Motion for Reconsideration and for Clarification and for Supplemental
11 Rulings.  To the extent that the Court failed to address issues raised, the Court finds that
12 omitted issues did not meet the standard for reconsideration. Additionally, the Court finds that
13 no supplemental ruling are necessary to dispose of the case.

14 Based on the foregoing, the Court finds that the Motion for Reconsideration and
15 Clarification and for Supplemental Rulings is groundless. Accordingly,

16 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration and for Clarification and
17 for Supplemental Rulings, filed August 3, 2007, **Ct. Rec. 32,** is **DENIED**.

18 The Clerk of Court is directed to file this Order, provide copies to counsel and pro se
19 Plaintiff, and thereafter shall **CLOSE** this file.

20 **DATED** this 10th day of September, 2007.

21
22              s/ Wm. Fremming Nielsen
   09-10                       WM. FREMMING NIELSEN
23                        SENIOR UNITED STATED DISTRICT JUDGE
24
25
26

MEMORANDUM ORDER
AND OPINION - 4